**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| YORGENIS JOSÉ MATHEUS HERNANDEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03199-SHL-cgc |

**ORDER GRANTING PETITION**

On September 19, 2026, Petitioner Yoegenis José Matheus Hernandez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without an individualized bond hearing. (Id. at PageID 4.) He seeks immediate release from Respondent's custody. (Id. at PageID 3.) Respondent responded on September 30. (ECF No. 10.) Petitioner replied on October 3. (ECF No. 11.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 10 at PageID 46.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Mattheus Hernandez, a citizen of Venezuela, has resided in the United States continuously since August 2022. (ECF No. at PageID 3.) He was taken into ICE custody on September 14, after he appeared for a Credible Fear Interview in Nashville. (Id.) He was held in the West Tennessee Detention Facility until he was transferred to Natchez, Mississippi on September 19. (ECF No. 11 at PageID 60.) On September 24, Respondent was ordered to "immediately transfer Petitioner back to

the Western District of Tennessee, and not transfer him out of the West Tennessee Detention Facility during the pendency of the Petition." (ECF No. 6 at PageID 40.) However, Petitioner was not transferred back to this District until October 1.[1] (ECF No. 11 at PageID 63.) At the time of Petitioner's Reply, on October 3, he remained detained at the West Tennessee Detention Facility. (ECF No. 11 at PageID 63.) He seeks immediate release from Respondent's custody. (Id. at PageID 64.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 10 at PageID 46.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court.[2] (Id.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."

---

[1] Petitioner missed his scheduled bond hearing in Memphis due to Respondent's delay in transferring him back to Memphis. (ECF No. 11 at PageID 60–63.)

[2] Notably, Petitioner tried to do just that, but his efforts were thwarted by Respondent's lack of urgency in complying with court orders. Respondent is cautioned to immediately comply with court orders. Unreasonable delay in the transfer of a petitioner will be considered a violation of this Court's order, and be handled in contempt proceedings. Not transferring Habeas petitioners in the first place will aid in immediate compliance with court orders.

Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 14th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE